UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DARREN B. BROWN,

               Plaintiff,

    v.

BRANCH, C. BLOOD, and NUA, King County Corrections Officers,

               Defendant.

CASE NO. 2:25-cv-01055-LK-BAT

**ORDER DIRECTING SERVICE**

     This is a civil rights action brought pursuant to 42 U.S.C. § 1983 brought by a Plaintiff who is currently in the custody of the Washington Department of Corrections against King County Corrections Officers.  Plaintiff is proceeding with this action *pro se* and *in forma pauperis* and because he is in the custody of the Department of Corrections must comply with the Court's Mandatory E-Filing Project under General Orders 02-15 and 06-16.  The Court, having reviewed plaintiff's complaint, hereby ORDERS as follows:

     (1)    <u>Service by Clerk</u>

The Clerk is directed to send by  U.S. Mail the following to Defendants King County Corrections Officers "Branch"; "C. Blood"; and "Nua", 500 5th Avenue, Seattle WA 98104, and the King County Prosecuting Attorney's Office, 516 Third Avenue,  W400, Seattle, WA 98104,

ORDER DIRECTING SERVICE - 1

a copy of the complaint: a copy of this Order, a copy of the notice of lawsuit and request for waiver of service of summons, and a waiver of service of summons.

(2)     Response Required

Defendant(s) shall have **thirty (30) days** within which to return the enclosed waiver of service of summons. A defendant who timely returns the signed waiver shall have **sixty (60) days** after the date designated on the notice of lawsuit to file and serve an answer to the complaint or a motion permitted under Rule 12 of the Federal Rules of Civil Procedure.

A defendant who fails to timely return the signed waiver will be personally served with a summons and complaint and may be required to pay the full costs of such service, pursuant to Rule 4(d)(2) of the Federal Rules of Civil Procedure.

(3)     Filing and Service by Parties, Generally

All attorneys admitted to practice before this Court are required to file documents electronically via the Court's CM/ECF system. All Counsel are directed to the Court's website, www.wawd.uscourts.gov, for a detailed description of the requirements for filing via CM/ECF. Plaintiff shall file all documents electronically. All filings must indicate in the upper right-hand corner the name of the magistrate judge to whom the document is directed.

Any document filed with the Court must be accompanied by proof that it has been served upon all parties that have entered a notice of appearance in the underlying matter. Plaintiffs subject to the Court's E-Filing Initiative shall indicate the date the document is submitted for e-filing as the date of service.

(4)     Non-Department of Corrections and State Defendants

As a registered user of the Court's electronic filing system, you must accept electronic service of all court filings (**except** original service of a complaint) by prisoner litigants housed at

facilities actively engaged in the Prisoner E-Filing Initiative. Prisoner litigants incarcerated at facilities actively engaged in the Prisoner E-Filing Initiative are no longer required to serve their court filings on the Court or defendants by mail.  Service by mail of your court filings to prison litigants housed in facilities actively engaged in the Prisoner E-Filing Initiative is also no longer required.

        (5)    <u>Motions, Generally</u>

Any request for court action shall be set forth in a motion, properly filed and served. Pursuant to LCR 7(b), any argument being offered in support of a motion shall be submitted as a part of the motion itself and not in a separate document.  The motion shall include in its caption (immediately below the title of the motion) a designation of the date the motion is to be noted for consideration upon the Court's motion calendar.

The motion shall be noted in accordance with LCR 7(d).  Motions including stipulated and agreed motions, motions to file over-length motions or briefs, motions for reconsideration, joint submissions pursuant to the optional procedure established in LCR 37(a)(2), motions for default, requests for the clerk to enter default judgment, ex parte motions, motions to recuse, and motions for a temporary restraining order shall be noted for consideration on the day they are filed.  LCR 7(d)(1).  Other non-dispositive motions shall be noted for consideration no earlier than 21 days from the date of filing.  LCR 7(d)(3).  All dispositive motions, and motions such as a motion seeking a preliminary injunction or a motion directed toward changing the forum, shall be noted for consideration no earlier than 28 days after filing.  LCR 7(d)(4).

For electronic filers, any opposition to a non-dispositive motion shall be filed and received by the moving party no later than 15 days after the filing date of the motion, and any reply shall be filed and received by the opposing party no later than 21 days after the filing date

ORDER DIRECTING SERVICE - 3

1  of the motion. LCR 7(d)(3). Any opposition to a dispositive motion by an electronic filer shall

2  be filed and received by the moving party no later than 21 days after the filing date of the motion

3  and any reply shall be filed and received by the opposing party no later than 28 days after the

4  filing date of the motion. LCR 7(d)(4).

5  If a party (i.e. a *pro se* litigant and/or prisoner) serves an opposition by mail, the deadline

6  for filing and serving such opposition shall be 3 days earlier than the deadlines provided in LCR

7  7(d)(3) and 7(d)(4).

8  (6)   Motions to Dismiss and Motions for Summary Judgment

9  Parties filing motions to dismiss pursuant to Rule 12 of the Federal Rules of Civil

10 Procedure and motions for summary judgment pursuant to Rule 56 of the Federal Rules of Civil

11 Procedure should acquaint themselves with those rules. As noted above, these motions shall be

12 noted for consideration no earlier than 28 days after filing and service of the motion.

13 Defendants filing motions to dismiss based on a failure to exhaust or motions for

14 summary judge are advised that they MUST serve a *Rand* notice concurrently with motions to

15 dismiss based on a failure to exhaust and motions for summary judgment so that *pro se* prisoner

16 plaintiffs will have fair, timely and adequate notice of what is required of them in order to

17 oppose those motions. *Woods v. Carey*, 684 F.3d 934, 941 (9th Cir. 2012). The Ninth Circuit

18 has set forth model language for such notices:

19  A motion for summary judgment under Rule 56 of the Federal Rules of Civil
    Procedure will, if granted, end your case.
20
    Rule 56 tells you what you must do in order to oppose a motion for summary
21  judgment. Generally, summary judgment must be granted when there is no genuine
    issue of material fact – that is, if there is no real dispute about any fact that would
22  affect the result of your case, the party who asked for summary judgment is entitled
    to judgment as a matter of law, which will end your case. When a party you are
23  suing makes a motion for summary judgment that is properly supported by
    declarations (or other sworn testimony), you cannot simply rely on what your

ORDER DIRECTING SERVICE - 4

complaint says.  Instead, **you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial.  If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you.  If summary judgment is granted, your case will be dismissed and there will be no trial.**

*Rand v. Rowland*, 154 F.3d 952, 963 (9th Cir. 1998) (emphasis added).

Defendants who fail to file and serve the required *Rand* notice on plaintiff may have their motion stricken from the Court's calendar with leave to re-file.

(7)  <u>Direct Communications with District Judge or Magistrate Judge</u>

No direct communication is to take place with the District Judge or Magistrate Judge with regard to this case.  All relevant information and papers are to be directed to the Clerk.

(8)  The Clerk is directed to send copies of this Order and of the Court's *pro se* instruction sheet to plaintiff. The Clerk is further directed to send a copy of this Order and a courtesy copy of the complaint to the King County Prosecuting Attorney's Office.

DATED this 18th day of June, 2025.

_____
BRIAN A. TSUCHIDA
United States Magistrate Judge

e