UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DARREN B. BROWN,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>BRANCH, C. BLOOD, and NUA, King County Corrections Officers,<br><br>　　　　　　　Defendant. | CASE NO. 2:25-cv-01055-LK-BAT<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO STAY PROCEEDINGS IN ORDER TO EXHAUST ADMINISTRATIVE REMEDIES, DKT. 17.** |

On June 5, 2025, Plaintiff, a prisoner at the Coyote Ridge Corrections Center filed a *pro se* civil rights complaint against King County Jail corrections officers alleging in 2022 they used excessive force against him. *See* Complaint at Dkt. 5. On August 6, 2025, Defendants filed an answer denying Plaintiff's allegations and asserting affirmative defenses that include Plaintiff's claims are barred because he failed to exhaust his administrative remedies as required by 42 U.S.C. § 1997. Dkt. 13.

On August 12, 2025, Plaintiff filed a motion to stay his case "pending exhaustion of King County Administrative Remedies and Prison Litigation Reform Act, 42 U.S.C. § 1997." Dkt. 17. In his motion, Plaintiff acknowledges, under § 1997, he was required to exhaust his administrative remedies before he filed his complaint. However, Plaintiff contends the Court may stay his § 1983 complaint under *Rose v. Lundy* 455 U.S. 509 (1982) and *Rhines v. Weber*,

1  544 U.S. 269 (2005) to allow him to exhaust his administrative remedies.

2  On August 26, 2025, Defendants filed a response opposing Plaintiff's motion to stay
3  proceedings. Dkt. 19. Defendants contend the King County Jail's records indicate Plaintiff
4  allegations relate to an occurrence on August 22, 2022, not September 20, 2022. Defendants
5  contend Plaintiff is required to exhaust his administrative remedies before filing a 42 U.S.C. §
6  1983 lawsuit, and Plaintiff's motion to stay, acknowledges this requirement and further admits
7  Plaintiff has not exhausted his administrative remedies. Defendants argue when a prisoner such
8  as Plaintiff has failed to exhaust administrative remedies before filing suit, the Court must
9  dismiss without prejudice the lawsuit the prisoner filed in federal court and is barred from
10 staying the action. The Court agrees.

11 Under 42 U.S.C. § 1997e(a), "[n]o action shall be brought with respect to prison
12 conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail,
13 prison, or other correctional facility until such administrative remedies as are available are
14 exhausted." The Supreme Court has made clear § 1997 makes exhaustion of administrative
15 remedies a mandatory condition that must be fulfilled before filing a lawsuit in federal court, and
16 that prisoners must exhaust their administrative remedies in accordance with the jail or prison's
17 applicable procedural rules including time deadlines before filing a lawsuit in a federal court. *See*
18 *Woodford v. Ngo*, 548 U.S. 81 (2006).

19 The Court of Appeals for the Ninth Circuit has also made clear the Court must dismiss a
20 § 1983 prisoner action when a plaintiff has not exhausted his administrative remedies before
21 filing suit but is in the process of doing so. *McKinney v. Carey*, 311 F.3d 1198 (2002); *Elch v.*
22 *Liggett,* 2024 WL 1714268 at *2 (9th Cir. April 22, 2024) (citing *McKinney v. Carey* as holding
23 "where a prisoner is in the process of exhausting administrative remedies but has not yet

1  completed the exhaustion process, 'dismissal is required under 42 U.S.C. § 1997e(a)'").

2  Although the law in this circuit requires the Court to dismiss the case, Plaintiff argues the Court may stay his § 1983 action under *Rose v. Lundy* and *Rhines v. Weber*. The *Rose* decision is inapplicable because the decision held a district court must dismiss a habeas petition containing both exhausted and unexhausted habeas corpus claims. *Rose v. Lundy,* 455 U.S. at 522. The *Rhines* decision is inapplicable because the Court held a district court has, in limited circumstances, the discretion to stay habeas corpus proceedings to allow a habeas petitioner to exhaust his state remedies. Both *Rose* and *Rhines* are limited to habeas corpus actions and are inapplicable to the § 1983 civil rights action Plaintiff has filed. *See e.g. Mills v. Jones*, 1:21-cv-01193, 2021 WL 4992325, at *2 (E.D. Cal. Oct. 11, 2021) (Plaintiff's request for a *Rhines* stay not appropriate in a civil rights action); *Kilgore v. Mandeville*, No. 2:07–cv–2485 GEB KJN P, 2011 WL 4048406, at *2, n.3 (E.D. Cal. Sept. 9, 2011) (There is no mechanism to stay a § 1983 action similar to the stay mechanism in a habeas corpus action).

In sum, when a prisoner has failed to exhaust his administrative remedies before filing a federal civil rights action, the Court may not stay the action so that the prisoner may attempt to exhaust his or her remedies. Rather, in such a situation the Court is required to dismiss the civil rights action. Accordingly, the Court **ORDERS**:

1. Plaintiff's motion to stay proceedings so he may exhaust his administrative remedies, Dkt. 17, is **DENIED**.

2. The Clerk shall provide a copy of this Order to the parties.

DATED this 3rd day of September, 2025.

_____
BRIAN A. TSUCHIDA
United States Magistrate Judge